UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-100-F

| | | |
|---|---|---|
| PETER PAUL, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| KENNETH R. LAY, | ) | |
|       Defendant. | ) | |

This matter is before the court on the *pro se* Plaintiff's Motion for Default Judgment and the Defendant's Amended Motion to Dismiss.

## I. STATEMENT OF THE CASE

Plaintiff initiated this action by filing a document labeled "Libel of Review" [DE-1] on March 16, 2010. Under the title "Libel of Review" Paul, who apparently also goes by Peter Paul Majewski, wrote "-common law counterclaim in admiralty–notice lis pendens" and "Re: God-given unalienable rights in the original estate–Article III; Constitution." Plaintiff appears to be suing Kenneth R. Lay, the Secretary of the North Carolina State of Revenue, regarding five tax assessments issued by the N.C. Department of Revenue.

On April 28, 2010, the North Carolina Department of Revenue, on behalf of Kenneth Lay,[1] filed a Motion to Dismiss [DE-11] pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (5) and (6), arguing that (1) Plaintiff failed to properly serve process; (2) the action is barred

---

[1] It is evident that Plaintiff brought this action against Kenneth Lay in his official capacity, and because "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), the court accepts the motion to dismiss filed by the North Carolina Department of Revenue on behalf of Secretary Lay.

by the Eleventh Amendment, the Tax Injunction Act, and comity; (3) Plaintiff lacks Article III standing, and (4) Plaintiff failed to state a claim upon which relief can be granted. On May 3, 2010, the Clerk of Court sent a letter [DE-13] notifying him of Defendant's motion, and informing him that his response to the motion must be filed on May 27, 2010.

On May 7, 2010, Plaintiff filed an Affidavit of Service [DE-17], and a Motion for Default Judgment [DE-18]. He also filed a "refusal for cause" [DE-16] to which he attached the North Carolina Department of Revenue's motion, memorandum, and attached case, each page of which bore the handwritten words "refusal for cause." He filed a similar "refusal for cause" [DE-19] to which he attached the letter from the Clerk of Court.[2]

On May 11, 2010, the North Carolina Department of Revenue filed an Amended Motion to Dismiss [DE-21], which omitted its argument regarding service of process, but reasserted its arguments as to the remaining grounds for dismissal. Again, the Clerk of Court sent a letter [DE-22] to Plaintiff regarding the Amended Motion to Dismiss, and again, the only responses from Plaintiff were "refusals for cause." *See* [DE-25]; [DE-26].

The motions are now ripe for ruling.

## II. ANALYSIS

### A. Motion for Default Judgment

Plaintiff moves for default judgment, arguing that Kenneth Lay "has failed to assert any claim to Peter Paul by proving the certificate of search in the district court to be faulty or fraudulent within the twenty-one days stipulated." Mot. for Default Judgment [DE-18] at p. 1.

---

[2] Indeed, it appears that Plaintiff has filed a "refusal for cause" with regard to every letter, notice and order issued by this court.

2

Under the Federal Rule of Civil Procedure 12, however, Kenneth Lay has 21 days to respond to a complaint–which the court considers the "Libel of Review" to be–and may respond by first filing a motion to dismiss. The record shows that Kenneth Lay was served on April 7, 2010, and therefore the Motion to Dismiss filed on April 28, 2010, is a timely response to the complaint. Plaintiff's Motion for Default Judgment is DENIED.

**B. Motion to Dismiss**

The Amended Motion to Dismiss is ALLOWED. Even if the court assumes that this action is not barred by the Eleventh Amendment to the United States Constitution, this court is prohibited by the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, from exercising jurisdiction over ths action.

The TIA provides: "The district courts shall not enjoin, suspend, or restrain the assessment, levy, or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA, therefore, prohibits a district court from exercising jurisdiction over an action if (1) the action is to "enjoin, suspend, or restrain the assessment, levy, or collection" of a state tax, (2) the tax is a "tax under State law," and (3) the state provides a "plain, speedy, and efficient remedy" in its own courts. *Lynn v. West*, 134 F.3d 582, 595 (4th Cir. 1998). Here, the first two elements are satisfied because Plaintiff is contesting tax assessments issued against him by the North Carolina Department of Revenue and seeks injunctive relief. Compl. [DE-1] at p. 7 ("The nature of the cause of is injunctive relief, albeit preemptive."); Compl., Ex. B [DE-1-2] (assessments from the North Carolina Department

of Revenue to Plaintiff for individual income taxes under North Carolina law).³ This court previously has held that North Carolina law provides a plain, speedy and efficient remedy for a citizen's challenges to an assessment of taxes under state law. *See Burton v. United States*, No. 7:00-CR-105-1-F, 2009 WL 6452631 at *1 (May 18, 2009)(concluding that North Carolina law affords a plain speedy and efficient remedy for contesting assessments of taxes under the North Carolina Drug Tax statute and adopting the rationale set forth in *Hough v. Mozingo*, No. 1:04CV00609, 2005 WL 1168462 (M.D.N.C. Apr. 29, 2005), *adopted* 2005 WL 2216877 (M.D.N.C. Sept. 12, 2005)). The court reaches the same conclusion here. Accordingly, all three requirements for the applicability of the TIA have been met, and this court is foreclosed from exercising jurisdiction over this case.

### III. CONCLUSION

The Motion for Default Judgment [DE-18] is DENIED, and the Amended Motion to Dismiss [DE-21] is ALLOWED. Consequently, this action is DISMISSED. Any other pending motion is DENIED as moot.

SO ORDERED.

This the 23rd day of June, 2010.

*[signature]*
JAMES C. FOX
Senior United States District Judge

---

³ In this action Plaintiff also has filed "refusals for cause" to which he has attached correspondence from the Internal Revenue Service, again, with each page bearing the handwritten words "refusal for cause" [DE-7]; [DE-8]; [DE-14]; [DE-15]; [DE-20]. Plaintiff's "complaint," however, does not appear to assert any causes of action concerning the correspondence from the Internal Revenue Service, nor is any federal entity or officer named as a defendant in this case. Accordingly, the court does not perceive this to be an action regarding the assessment or collection of federal taxes.